(April 9, 1910.)

## A. H. FEATHERSTONE, Respondent, v. JOSEPH P. KEANE, Appellant.

[108 Pac. 337.]

MOTION TO STRIKE—STATEMENT—TRANSCRIPT—FINDINGS—ISSUES—VERDICT—EFFECT OF.

(Syllabus by the court.)

1. Where a proposed statement is not presented and settled within the time required by law and is inserted in the transcript, on motion, it will be stricken therefrom.

2. Under the provisions of Rule 25 of the rules of this court, the time during which the trial court or judge holds a bill of exceptions or statement' prior to the settlement and filing thereof and the time during which the attorney for the respondent may retain the transcript on appeal before certifying or refusing to, certify the same, must be excluded in computing the sixty days' time in which a transcript is required to be filed.

3. Where an action is brought to recover for money had and received and for services alleged to have been performed at the instance and request of the defendant, and the answer in effect denies the allegations of the complaint and sets up by way of' cross-complaint certain damages alleged to have been sustained by the defendant on account of the neglect and incompetency of' the plaintiff in performing certain services for defendant, and the cause is tried by the court with a jury, and the jury renders a verdict in favor of the plaintiff on his first cause of action and in favor of the defendant on the second cause of action, and does not mention the cause of action set out in the cross-complaint, the effect of such verdict is that the defendant is not. entitled to recover on the alleged cause of action set up in the cross-complaint.

4. This being an action at law, the jury by its verdict in. effect found upon all of the issues presented.

APPEAL from the District Court for Shoshone County,. First Judicial District. Hon. Wm. W. Woods, Judge.

Action at law to recover for money due and received and for services rendered. Judgment for plaintiff. *Affirmed.*

J. P. Keane, for Appellant.

A decision and judgment that does not find on all of the. material facts raised by the pleadings is against law, and its findings should be reversed. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Carson v. Thews,* 2 Ida. 176, 9 Pac. 605; *Bowman v. Ayers,* 2 Ida. 305, 13 Pac. 346; *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815.)

The court erred in failing, neglecting and refusing to verify the statement of the case when it was shown by affidavit that it was impossible to obtain a transcribed copy of the evidence on account of the sickness of the court reporter.

(*Warren v. Stoddard,* 6 Ida. 692, 59 Pac. 540; *Rumpel v. Oregon S. L. Co.,* 4 Ida. 13, 35 Pac. 700, 22 L. R. A. 725; *Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109.)

Carlton Fox, for Respondent, files no brief.

SULLIVAN, C. J.—This action was brought to recover on two separate causes of action: First, on account of money had and received by the defendant for and on behalf of the plaintiff in the sum of $400; and second, for personal services alleged to have been rendered for the defendant by the plaintiff of the value of $300.00. The answer put in issue all the material allegations of the complaint and averred as an offset or counterclaim damages in the sum of $12,000 resulting from incompetency and neglect on behalf of the plaintiff in performing certain services as an attorney for the defendant. The cause was tried by the court with a jury, and the jury returned the following verdict:

"We, the jury in the above-entitled action, find for the plaintiff on his first cause of action and assess his damages at four hundred dollars ($400.00).

"We further find for the defendant on plaintiff's second cause of action."

On that verdict a judgment was entered in favor of the plaintiff for the sum of $400. The appeal is from the judgment.

The respondent interposed a motion to strike from the transcript the statement or bill of exceptions contained therein, and to strike the transcript from the files. The motion to strike the statement from the transcript was based on the ground that it had not been filed, served and settled within the time required by law. Upon an examination of the record, we find the motion well taken and is therefore sustained.

The motion to strike the transcript from the files was based on several different grounds, the last one being that the transcript was not filed within sixty days from and after the appeal was perfected. On an examination of the record,

we find that the transcript was filed within the time provided by law, after deducting the time during which the attorneys for the respondent retained the transcript on appeal before certifying or refusing to certify the same. Rule 25 of the rules of this court provides that the time above referred to shall be deducted from the sixty-day period within which the transcript must be filed after an appeal has been perfected.

We have examined the other grounds contained in said motion to strike the transcript from the files and find no cause therein for granting the motion. The motion to strike the transcript is therefore denied.

This leaves the case for hearing upon the judgment-roll alone, which contains no bill of exceptions or statement on motion for a new trial.

It is contended that the court did not find upon all of the issues made by the pleadings. There is nothing in that contention, as this is an action at law and the jury found for the plaintiff upon the first cause of action stated in the complaint and for the defendant on the second cause of action. The jury by its verdict in effect found that the defendant was not entitled to any damages as an offset against plaintiff's claim, or at all, thus settling all of the issues made by the pleadings. There is no merit in defendant's contention that the court failed to find upon all of the issues made by the pleadings.

The judgment is therefore affirmed, with costs of this appeal in favor of the respondent.

Stewart and Ailshie, JJ., concur.